UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D'ARRIGO BROS. CO., OF CALIFORNIA,<br>Plaintiff,<br>v.<br>DOUG MELLON FARMS II, INC.,<br>Defendant. | Case No.20-cv-05463-NC<br><br>**ORDER GRANTING MOTION TO COMPEL ARBITRATION**<br><br>Re: ECF 22 |

On November 25, 2020, Defendant Doug Mellon Farms II, Inc. filed a Motion to Compel Arbitration. Plaintiff D'Arrigo Bros. Co. of California responded to the motion arguing that Mellon Farms waived its right to compel arbitration by failing to timely assert it. The Court finds that Mellon Farms did not waive its right to compel arbitration. Therefore, the Court GRANTS Mellon Farms' Motion.

**I.  BACKGROUND**

Beginning in 2019, D'Arrigo was involved in several New Jersey and Pennsylvania cases as a third-party defendant. ECF 19 at 2. The cases concern allegedly contaminated romaine purchased by restaurants. *Id.* In defending the cases, D'Arrigo incurred fees and costs. *Id.* at 4. On August 6, 2020, after it traced the source of the romaine at issue to Mellon Farms, D'Arrigo brought this suit against Mellon Farms for indemnity. ECF 19 at 4-5. After being served with the complaint, Mellon Farms requested an extension of time

1  to file its answer citing the pending duplicate New Jersey suits. ECF 9 at 3. The Court
2  granted the request. ECF 15. On October 13, 2020, Mellon Farms moved for a more
3  definite statement. ECF 16. This motion became moot after D'Arrigo filed its First
4  Amended Complaint on October 27, 2020. ECF 19. On November 25, 2020, Mellon
5  Farms filed the Motion to Compel Arbitration that is the subject of this order. ECF 22.
6  All parties consented to the jurisdiction of a magistrate judge. ECF 6, 11.

## II. LEGAL STANDARD

Under the Federal Arbitration Act, a district court must compel arbitration if (1) a valid agreement to arbitrate exists, and (2) the dispute falls within the scope of the agreement. *Geier v. M-Qube Inc.*, 824 F.3d 797, 799 (9th Cir. 2016) (citing *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). A party can challenge an arbitration clause as invalid by showing that the contract containing it was revoked. 9 U.S.C. § 2. And, even if a valid arbitration clause exists, a party may have waived its right to arbitration if the opposing party can show that: (1) the party knew of an existing right to compel arbitration, (2) the party acted in a manner inconsistent with that existing right, and (3) enforcing arbitration would prejudice the opposing party as a result of the other party's inconsistent acts. *See Letizia v. Prudential Bache Sec., Inc.*, 802 F.2d 1185, 1187 (9th Cir. 1986).

## III. DISCUSSION

### A. D'Arrigo and Mellon Farms' Arbitration Clause

The document setting out the parties' agreement is the Doug Mellon Farms II, Inc. Growing Agreement and Lease #1. ECF 19 at 4. Both parties acknowledge that the Agreement contains an Arbitration Clause that states:

> In the event of any disputes under this agreement that is not resolvable by both parties themselves, then said dispute will be arbitrated. Each party shall choose an arbiter and the two arbiters shall choose a third arbiter. A decision of a majority of the arbiters shall be binding upon the parties. The losing party shall pay the cost of arbitration.

ECF 19, Ex. A, ¶ 10; *see* ECF 22 at 6; *see also* ECF 25 at 3. This Clause sets forth a valid agreement to arbitrate. Thus, the first element of the FAA test is met.

### B. Applicability of the Clause to this Dispute

It is well established that federal policy favors arbitration. *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011). The Clause at issue here states that it applies to "any disputes under this agreement." ECF 19, Ex. A, ¶ 10. Because the claim for equitable indemnity is based on actions taken as a result of obligations imposed by the Agreement, the claims in this case are subject to the Clause. *See* ECF 19 at 4; *see also Sanders v. Cty. of Santa Cruz*, No. 5:13-cv-03205 EJD, 2014 U.S. Dist. LEXIS 132833, at *16 (N.D. Cal. Sep. 19, 2014). Because both requirements of the FAA test are met, the Court must compel arbitration unless the Clause is revoked or the parties' right to enforce it is waived.

### C. Revocation of the Clause

In its Motion, Mellon Farms asserts that the validity of a valid arbitration clause can only be challenged through revocation of the contract. *See* ECF 22 at 8. Mellon Farms then demonstrates why the contract in this case was not revoked. *Id.* In its Opposition, D'Arrigo does not address Mellon Farms' revocation argument. *See* ECF 25. Thus, D'Arrigo concedes that the contract was not revoked. *See* Civ. L. R. 7-3(a).

### D. Waiver of Right to Compel Arbitration

D'Arrigo fails to make the necessary showing that Mellon Farms waived its right to compel arbitration. *See Letizia*, 802 F.2d at 1187. First, D'Arrigo did not show that Mellon Farms knew of an existing right to compel arbitration. Mellon Farms' Motion for a More Definite Statement evidences the lack of clarity in D'Arrigo's initial filing. *See* ECF 16. D'Arrigo's claims were not clear until it filed its FAC, and less than one month later Mellon Farms moved to arbitrate. ECF 27 at 4; *see also* ECF 22. After clarifying the claims against it, Mellon Farms timely moved to compel arbitration.

Second, D'Arrigo asserts that Mellon Farms acted inconsistently with its right to compel arbitration by filing motions and engaging in meet and confer efforts. These facts are insufficient to show that Mellon Farms acted inconsistently. Mellon Farms filed two motions with the court before this one–a Motion for an Extension of Time to Answer the Complaint and a Motion for a More Definite Statement. ECF 9; ECF 16. As Mellon

3

Farms describes in its Reply, its actions were not "inconsistent" with arbitration efforts because they were aimed at avoiding duplicate proceedings and clarifying the claims in the instant case to determine if the arbitration clause applied. *See* ECF 27 at 4-5; *but cf. Van Ness Townhouses v. Mar Indus. Corp.*, 862 F.2d 754, 759 (finding that the defendant waived its right to arbitrate by choosing to "litigate actively the entire matter–including pleadings, motions, and approving a pre-trial conference order"). Mellon Farms was clarifying the application of the arbitration clause, not actively litigating the case, so its actions were not inconsistent.

Finally, D'Arrigo does not make an adequate showing of prejudice. D'Arrigo states that Mellon Farms' actions "resulted in a delay" and caused D'Arrigo to "continu[e] to be harmed by having to defend actions arising from Mellon Farms' growing operations." ECF 25 at 2. This statement does not meet the burden established by the Ninth Circuit, requiring that a plaintiff "must show more than self-inflicted wounds that they incurred as a direct result of suing in federal court" to prove prejudice. *Martin v. Yasuda*, 829 F.3d 1118, 1126 (9th Cir. 2016). Consequently, D'Arrigo fails to make the requisite showing that Mellon Farms waived its right to compel arbitration.

## IV. CONCLUSION

The Court finds that, following the requirements of the Federal Arbitration Act, it must compel arbitration. The agreement between Mellon Farms and D'Arrigo contains an arbitration clause and the causes of action in this suit fall within the scope of that agreement. Additionally, the Clause was not invalidated through revocation or waiver. Accordingly, the Court: (1) GRANTS Mellon Farms' Motion to Compel Arbitration, (2) ORDERS the parties to submit to binding arbitration in accordance with the Arbitration Clause in the Agreement, and (3) DISMISSES the case.

**IT IS SO ORDERED.**

Dated: December 18, 2020   _____
NATHANAEL M. COUSINS
United States Magistrate Judge